Robert R. ROTH

v.

**BANKERS SECURITIES CORPORA-TION, Appellant.**

No. 12085.

United States Court of Appeals
Third Circuit.

Argued March 5, 1957.

Decided March 29, 1957.

E. Walter Helm, III, Philadelphia, Pa. (Raymond A. White, Jr., Philadelphia, Pa., on the brief), for appellant.

**510**

William M. Alper, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before MARIS and GOODRICH, Circuit Judges, and McILVAINE, District Judge.

PER CURIAM.

The defendant, the owner of the John Bartram Hotel in Philadelphia, has appealed from a verdict and judgment against it in the District Court for the Eastern District of Pennsylvania in an action for damages for personal injuries sustained by the plaintiff, a guest of the hotel. The injuries occurred when a frosted decorative glass panel forming part of the first floor wall of the defendant's hotel adjacent to the sidewalk broke and shattered as the plaintiff partially leaned against it. The plaintiff was standing on the sidewalk at a point where the railing of a subway entrance approached the wall of the hotel at right angles and was leaning partially against the subway railing and partially against the glass panel, exerting a pressure of 10 or 15 pounds against the latter.

There was ample evidence from which the jury was justified in finding that the type of glass used in this panel was not sufficiently strong to withstand the pressures which pedestrians on an adjacent sidewalk might be expected to exert against it and that the defendant was, therefore, negligent in installing it as a part of the outside ground floor wall of the hotel adjacent to the public sidewalk. See Restatement, Torts, § 364, and compare Pope v. Reading Company, 1931, 304 Pa. 326, 156 A. 106. We are satisfied also that on the evidence in this case the question of the plaintiff's contributory negligence was for the jury.

The defendant urges that it should not be held responsible since the work of installing the glass panel was done by an independent contractor. This defense is without merit, however, since there was no evidence that the contractor did other than install the type of glass panel specified by the defendant. For it was the type of glass used and not an individual defect in the particular glass installed which, according to the evidence, was the reason for the breakage which caused the plaintiff's injuries.

The judgment of the district court will be affirmed.